UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| C. WAYNE MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00059-SEB-DML |
| | ) | |
| BUREAU OF INDIAN AFFAIRS, | ) | |
| FEDERAL GOVERNMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motion to Change Venue/Jurisdiction/Reconsideration,
Denying Motion to Remove and Add Plaintiffs,
Denying Motion to Amend/Correct Complaint, and
Denying Motion as a Matter of Law**

**I.      Motion to Change Venue/Jurisdiction/Reconsideration**

Presently pending before the Court is a non-party "motion to change venue/jurisdiction/reconsideration" filed by "David Morgan and or Eric Lucas" (Mr. Morgan). Dkt. No. 9.

First, Mr. Morgan first attempts to replace the original Plaintiff, C. Wayne Morgan, with eight other individuals as plaintiffs in the lawsuit. This is inappropriate. An individual who wishes to be a plaintiff in a lawsuit must file a complaint on his own behalf.

Second, Mr. Morgan requests that the Court change venue or jurisdiction to the Southern District of Indiana because he is dissatisfied by the result he obtained in the U.S. District Court for the District of Oklahoma. *See id.* at 2. In relation to proper venue, 28 U.S.C. § 1391(a) provides that "[a] civil action may be brought in--

   **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Another statute, 28 U.S.C. § 1404, provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Southern District of Indiana is not a district in which this action could have been brought.

This action was dismissed for lack of jurisdiction on May 9, 2018. Although titled as a motion for reconsideration, Mr. Morgan fails to actually request reconsideration of that Order. Nonetheless, the Court will consider the motion to have properly requested reconsideration of its May 9, 2018, Order.

To receive relief under Rule 59(e) of the *Federal Rules of Civil Procedure*, the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois,* 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Newly discovered evidence is that which the movant must demonstrate it did not know and could not reasonably have discovered with reasonable diligence until after the judgment was rendered. *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264,

1269 (7th Cir. 1996). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Mr. Morgan fails to demonstrate that the Court committed a manifest error of law or fact or present any newly discovered evidence. Accordingly, Mr. Morgan's "motion to change venue/jurisdiction/reconsideration," Dkt. No. 9, is denied.

## II. Motion to Remove and Add Plaintiffs

Mr. Morgan also filed a motion to remove and add plaintiffs, requesting that "C. Wayne Morgan" and "Robert Teel" be removed from the case and that other individuals be added as plaintiffs to the case. This is not the appropriate procedure, particularly where the action was already closed on May 9, 2018. An individual who wishes to be a plaintiff in a lawsuit must file a complaint on his own behalf or have an attorney do so on his behalf. *See* Fed. R. Civ. P. 3, 11. Mr. Morgan's motion to remove and add plaintiffs, Dkt. No. 10, is therefore denied.

## III. Motion to Amend Complaint

On June 1, 2018, "8 Oklahoma Inmates" submitted a motion to amend complaint. Dkt. No. 11. The action was dismissed and closed on May 9, 2018, so amendment of the complaint at this juncture would be futile. Moreover, non-parties may not amend the complaint. The 8 Oklahoma Inmates' motion to amend complaint, Dkt. No. 11, is denied.

## IV. Motion as a Matter of Law

On June 4, 2018, "C.A.L. Oklahoma" submitted a motion as a matter of law. Dkt. No. 12. It requests that the $400.00 filing fee be paid through a payment plan. Unless a plaintiff is permitted to proceed *in forma pauperis*, the plaintiff must pre-pay the entire $400.00 for any new civil actions unless he alleges "imminent danger of serious physical injury." 28 U.S.C. §1915(g). C.A.L. Oklahoma's motion as a matter of law, Dkt. No. 12, is denied.

## V. Summary of Actions Taken

The Court has taken or directed the following actions: (1) Mr. Morgan's "motion to change venue/jurisdiction/reconsideration," Dkt. No. [9], is **denied**; (2) Mr. Morgan's motion to remove and add plaintiffs, Dkt. No. [10], is **denied**; (3) the 8 Oklahoma Inmates' motion to amend complaint, Dkt. No. [11], is **denied**; and (4) C.A.L. Oklahoma's motion as a matter of law, Dkt. No. [12], is **denied**.

**IT IS SO ORDERED.**

Date: 6/13/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

C. WAYNE MORGAN
3697 E. Bacon Hollow Road
Marengo, IN 47140